```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
MR. ROBERT TORRES,              :
                 Plaintiff,     :       REPORT & RECOMMENDATION
                                :
          -against-             :       11 Civ. 5309 (JGK) (MHD)
                                :
CAROLYN W. COLVIN, Acting       :
Commissioner of Social Security,:
                                :
                 Defendant.     :
------------------------------------x
```

TO THE HONORABLE JOHN G. KOELTL, U.S.D.J.:

Before the court is a motion by plaintiff's attorney, Christopher J. Bowes, Esq., for attorneys' fees pursuant to the Social Security Act, 42 U.S.C. § 406(b)(1). Counsel invokes a contingent-fee arrangement with his client, and asks that the court award fees in the amount of $13,700.00, a figure substantially less than called for by that preexisting fee agreement.

### FACTUAL BACKGROUND

Plaintiff filed his claim for social security disability benefits on August 20, 2008, citing injuries that he had sustained from a motor vehicle accident. (Decl. of Christopher J. Bowes, Esq., dated July 8, 2013 (Dkt. No. 26) ("Bowes Decl.") at ¶¶ 5-6). Plaintiff's claim was denied by the Social Security

1

Administration ("SSA") on November 6, 2008, based on a finding that he retained the capacity to perform light work. (Id. at ¶ 7). He appealed, and on July 14, 2010, an administrative law judge ("ALJ") found him to be not disabled. (Id. at ¶ 9). Plaintiff appealed that finding to the SSA Appeals Council, and on May 19, 2011, the Council denied review and affirmed the ALJ's decision. (Id. at ¶¶ 10-11). He then filed this action pro se on July 18, 2011. (Id. at ¶ 12).

On February 2, 2012, plaintiff retained Mr. Bowes to represent him in his civil action. (See Pl.'s Mem. of L. in Supp. of Mot. for Fees, dated July 8, 2013 (Dkt. No.) ("Pl.'s Mem.") at 2). Plaintiff and Mr. Bowes signed a contingent-fee agreement in which plaintiff agreed to pay a fee "equivalent to one-quarter (i.e. 25%) of all past due benefits" upon approval of his claim. (Bowes Decl. Ex. A).

Counsel for both parties engaged in settlement discussions, and on or about March 20, 2012, they submitted a Stipulation and Order agreeing to vacate the underlying administrative decision and remand the case for additional administrative proceedings. (See Pl.'s Mem. 2-3, Bowes Decl. ¶ 16). Judgment was entered on March 23, 2012, and on April 26, 2012, plaintiff's counsel moved for payment of attorneys' fees and costs under the Equal Access

2

to Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking payment for 13.7 hours of attorney time expended. (See Bowes Decl. Ex. B).

On June 27, 2012, the parties entered into a stipulation under which the Social Security Administration ("SSA") agreed to pay $2,175.85 to settle the claim for attorneys' fees under the EAJA. (Pl.'s Mem. 3; Def.'s Letter in Opp'n to Pl.'s Mot. for Fees, dated Aug. 14, 2013 ("Def.'s Opp'n") at 3).[1] The district court endorsed the stipulation on July 2, 2012. (See Dkt. No. 24). On September 25, 2012, plaintiff received notice from the Department of the Treasury stating that the EAJA attorney-fee award was being seized to satisfy a preexisting debt by Torres to the federal government. (See Bowes Decl. ¶ 21 & Ex. C).

On remand to the SSA, plaintiff was represented by administrative representative Mark Ramnauth. (Pl.'s Mem. 4). He received a favorable decision in February 2013, with the SSA finding him disabled as of June 2008. (Id.). On June 10, 2013, the SSA issued a Notice of Award advising plaintiff that he was due $84,036.00 in past-due benefits, and that 25% of that amount ($21,009.00) was being withheld from his past-due benefits for

---

[1] Although 13.7 hours of attorney time would have generated fees of $2,547.75 at the applicable EAJA rate (see Bowes Decl. Ex. B), the parties stipulated to a fee of $2,175.00. (Pl.'s Reply Mem. in Supp. of Mot. for Fees, dated Aug. 27, 2013 (Dkt. No. 32) ("Pl.'s Reply") at 2 n.2).

3

the payment of attorneys' fees. (Id.; Def.'s Opp'n 3; Bowes Decl. Ex. D). The Notice also advised plaintiff that from the $21,009.00 amount it had authorized payment of $6,000.00 to his administrative representative, Mr. Ramnauth, under 42 U.S.C. § 406(a). (Def.'s Opp'n 3; Pl.'s Mem. 4; Bowes Decl. ¶ 26, Ex. D).

Mr. Bowes moved for attorneys' fees under 42 U.S.C. § 406(b) and pursuant to the contingency-fee agreement on July 9, 2013. He requested a fee of $13,700 for 13.7 hours of work at the federal-court level. (See Dkt. No. 25).

## ANALYSIS

### I. Standard of Review

Section 406(b) of the Social Security Act authorizes a court to award reasonable attorneys' fees to a successful claimant's attorney, provided that those fees do not exceed twenty-five percent (25%) of the amount of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b); see also Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002); Wells v. Sullivan, 907 F.2d 367, 370 (2d Cir. 1990). "[B]ecause a successful social security claimant evaluates and pays his own attorney, a court's primary focus should be on the reasonableness of the contingency agreement in

4

the context of the particular case; and the best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." Wells, 907 F.2d at 371. Section 406(b) does not displace any contingent-fee arrangement between the claimant and attorney, but rather sets the ceiling for an award under any such agreement at twenty-five percent of the past-due benefits. Gisbrecht, 535 U.S. at 792-93.

Although the court initially looks to the fee arrangement between counsel and client, the maximum twenty-five percent contingency fee arrangement "cannot simply be adopted as per se reasonable in all social security cases." Benton v. Commissioner of Soc. Sec., 2007 WL 2027320, at *1 (E.D.N.Y. May 17, 2007) (quoting Wells, 907 F.2d at 371). Courts are directed to consider several factors, including (1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" (2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and (3) whether "the benefits awarded are large in comparison to the amount of the time counsel spent on the case" -- the so-called "windfall" factor. Joslyn v. Barnhart, 389 F. Supp.2d 454,

5

456 (W.D.N.Y. 2005) (quoting Gisbrecht, 535 U.S. at 808). "[T]he district court's determination of a reasonable fee under § 406(b) must begin with the agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." Wells, 907 F.2d at 371. Nonetheless, "[t]hat the fee sought represents less than the percentage amount agreed to under the contingent-fee agreement with plaintiff does not, in and of itself, render the amount reasonable." Muniz v. Astrue, 2011 WL 5563506, at *4 (E.D.N.Y. Nov. 15, 2011).

When determining whether an award of attorneys' fees is a windfall, courts have considered the following factors: "1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases." Blizzard v. Astrue, 496 F. Supp.2d 320, 323 (S.D.N.Y. 2007) (quoting Joslyn, 389 F. Supp.2d at 456-57). In cases where a windfall would result, a downward adjustment of the requested

6

amount is warranted. Benson v. Astrue, 2009 WL 82581, at *3 (S.D.N.Y. Jan. 6, 2009) (citing Gisbrecht, 535 U.S. at 808).

In applying this factor, we keep in mind that contingency-fee arrangements are an important incentive for counsel to take on cases that might not be sure winners. See Wells, 907 F.2d at 371 ("In the absence of a fixed-fee agreement, payment for an attorney in a social security case is inevitably uncertain, and any reasonable fee award must take account of that risk."); see also Diz v. Astrue, 2010 WL 322028, at *2 (E.D.N.Y. Jan. 26, 2010). Therefore, a reduction in the agreed-upon contingency amount should not be made lightly. See, e.g., Blizzard, 496 F. Supp.2d at 325.

## II. Plaintiff's Motion for Fees

In this case, plaintiff requests that the court award his counsel $13,700.00 for 13.7 hours of federal district court work on his case. (See Bowes Decl. ¶¶ 19, 32, Ex. B). Plaintiff argues that this amount does not represent a windfall, because it is significantly less than the twenty-five percent contingency contained in the fee agreement -- which, taking into account plaintiff's $84,036.00 past benefits award, would have equaled $21,009.00 -- and because the work efforts of Mr. Bowes resulted

7

in plaintiff's case being efficiently handled and successfully concluded. (Pl.'s Mem. 7-8).

Defendant opposes, arguing that while there is no evidence of fraud or overreaching, the amount requested by plaintiff's counsel appears unreasonable. (Def.'s Opp'n 1). Defendant acknowledges that the requested fee does not exceed the twenty-five percent contingent-fee cap, but contends that a de facto hourly rate of $1,000.00 is excessive, and she cites two cases to that effect. (Id. at 2).

In reply, plaintiff argues that defendant has offered no specific rationale for opposing the fee request, and points out that defendant does not allege that the amount of time expended by plaintiff's attorney was unreasonable. (Pl.'s Reply 1, 2). Plaintiff further states that adjusting for inflation, the $1,000.00 hourly rate requested is either the same as or less than the amounts awarded in the cases cited in plaintiff's moving brief. (Id. at 3). Lastly, plaintiff contends that the cases cited in defendant's opposition are distinguishable on the facts and therefore do not apply here. (Id. at 4-5).

Exercising our independent obligation to review the reasonableness of the fee request, we look to the factors

8

discussed above. There is no dispute that plaintiff's counsel achieved a favorable result for plaintiff by securing a remand to the administrative level, which eventually led to a substantial award of past-due benefits. There is also no allegation that Mr. Bowes engaged in any unreasonable delay so as to artificially inflate his fee award. The only remaining issue seems to be whether the $13,700.00 award would constitute a windfall to Mr. Bowes.

From our examination of plaintiff's counsel's time records, it is evident that the case was handled efficiently. He did not waste time on unnecessary briefing or extensions, and spent his time reviewing the administrative record and in discussions with his client regarding strategy and with opposing counsel regarding a remand. (See Bowes Decl. Ex. B). Mr. Bowes did not represent plaintiff at the administrative level[2] and did not file the complaint or any motions; thus he cannot be deemed to have wasted his time by filing submissions that were "boilerplate". There is no indication that he engaged in legal research, but we may take

---

[2] It should be noted that section 406(b) does not authorize the court to award fees for services in the administrative proceedings. See George v. Astrue, 2009 WL 197054, at *2 (E.D.N.Y. Jan. 28, 2009) (citing Burgo v. Harris, 527 F. Supp. 1157, pincite (E.D.N.Y. 1981)). In contrast, a claimant's representative at the administrative proceeding -- in this case, Mr. Ramnauth -- is able to recover a fee under 42 U.S.C. § 406(a). See, e.g., Gisbrecht, 535 U.S. at 794-95; Morris v. Astrue, 2011 WL 1346983, at *4 (S.D.N.Y. Apr. 5, 2011).

9

judicial notice of the fact that he is a very experienced and effective litigator for social security disability claimants, and thus has detailed knowledge of the legal standards. Moreover, it is evident from his time records that he did engage in factual research, and that he was able to negotiate a stipulation to remand plaintiff's case back to the administrative level, negating the necessity for extensive briefing. We find that the limited amount of time put in by counsel achieved a considerable success for plaintiff, specifically a remand to a receptive administrative law judge, resulting in a large award of past-due benefits, and that these facts militate against a reduction in the fee request.

In opposing the requested award, defendant seems to rely exclusively on the notion that the resultant hourly rate -- $1,000.00 -- is too high to be reasonable, citing two cases in which courts held that rates of $1,034.48 and $1,333.33, respectively, amounted to a windfall. (See Def.'s Opp'n 2 (citing Benson, 2009 WL 82581 & Muniz, 2011 WL 5563506)). This argument is unpersuasive.

First, a substantial body of caselaw has awarded rates that approach, if they do not exceed, $1,000.00. Moreover, many of those decisions were issued some years ago, and their awards, if

adjusted for increases in the cost of living, <u>see</u> http://www.bls.gov/data/inflation_calculator.htm, would equal or exceed the amount requested here. <u>See</u>, <u>e.g.</u>, <u>Destefano v. Astrue</u>, 2008 WL 623197, at *6, 7 (E.D.N.Y. Mar. 4, 2008); <u>Joslyn</u>, 389 F. Supp.2d at 456. Indeed, there is caselaw support for an award well in excess of $1,000.00 dating from 2006. <u>See</u> <u>Briem v. Barnhart</u>, 2006 WL 3374955, at *1 (W.D.N.Y. Nov. 17, 2006). Moreover, courts in this circuit have routinely approved contingency fee awards that not only significantly exceed market rates, <u>see</u>, <u>e.g.</u>, <u>Muniz</u>, 2011 WL 5563506, at *4 (citing cases), but reflect hourly rates well above the $1,000.00 rate embodied in Mr. Bowes' current application. <u>See</u> <u>Kazanjian v. Astrue</u>, 2011 WL2847439, at *2-3 (E.D.N.Y. July 15, 2011) (awarding what amounted to a $2,100.00 hourly fee); <u>Trupia v. Astrue</u>, 2008 WL 858994, at *4 (E.D.N.Y. Mar. 27, 2008) (awarding what amounted to a $1,714.09 hourly fee).

Second, the two cases cited by defendant are plainly distinguishable. In <u>Muniz</u>, the court took issue with the attorney's time sheet and reporting of hours worked, resulting in a reduction of the requested fee award. 2011 WL 5563506, at *4. In <u>Benson</u>, the court noted that the plaintiff had obtained substantially less relief than his attorney had first sought for him, and also found serious flaws in the attorney's submissions,

11

which it described as either boilerplate or lacking in important details. 2009 WL 82581, at *5. In contrast, as noted, it is clear from Mr. Bowes' time sheet that he did not inflate his hours in order to receive a higher fee, and he was able to secure a remand for his client without the need for briefing. Thus, none of the concerns that resulted in a fee reduction in those two cases are applicable here.

Third, it is inappropriate to rely exclusively on the hourly rate that results from a $13,700 award, as both the Supreme Court and the Second Circuit have explicitly rejected the use of the lodestar method to determine what is reasonable under § 406(b). See Gisbrecht, 535 U.S. at 808; Wells, 907 F.2d at 371 ("[T]he best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate . . ."). "[P]olicy is more persuasive than hourly rate arithmetic" and where, as here, the parties freely and willingly entered into an arm's length contingency agreement, we cannot find a compelling reason to override the intent of the contracting parties. See Destafano, 2008 WL 623197, at *7; see also Wells, 907 F.2d at 371 ("We must recognize . . . that a contingency agreement is a freely negotiated expression both of a claimant's willingness to pay more than a particular hourly rate to secure

12

effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment.")). Fourth, the fee award that counsel seeks here is in fact well below the amount that would have been yielded by the contingency agreement. Based on the back-benefits award of $84,036.00, the requested fee of $13,700.00 amounts to only 16 percent.

Finally, it should be noted that relying on the fact that a requested fee award reflects a high hourly rate is in seeming conflict with the pertinent "windfall" criteria, notably the efficiency test. The more efficient the attorney, the fewer hours he will spend on a task, thus increasing the hourly rate if he invokes his contingency agreement. Thus, to reject a fee request because the resultant hourly rate is too high serves only to penalize efficiency, rather than rewarding it. In this instance, as noted, Mr. Bowes is a frequent litigator in social security cases and therefore he was able to handle this case with far greater efficiency than an inexperienced attorney. See Blizzard, 496 F. Supp.2d at 323 (citing Maier v. Apfel, 1998 WL 401536, at *2 (S.D.N.Y. July 17, 1998) ("The plaintiff's counsel should not be penalized for working efficiently on the case as compared to other attorneys who might have taken longer to perform the same work and whose corresponding hourly rate would be lower due to their lack of experience and productivity.")). That should not

lead to a reduction of his fee, which is actually a modest percentage of the award to his client.

## CONCLUSION

We recommend that plaintiff's attorney be awarded his requested fee of $13,700.00.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable John G. Koeltl, Room 1030, 500 Pearl Street, New York, New York 10007-1312 and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York 10007-1312. Failure to file timely objections may constitute a waiver of those objections both in the District Court and on later appeal to the United States Court of Appeals. See Thomas v. Arn, 474 U.S. 140, 150 (1985), reh'g denied, 474 U.S. 1111 (1986); Small v. Sec'y of Health and Human Services, 892 F.2d 15, 16 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: New York, New York
       February 4, 2014

RESPECTFULLY SUBMITTED,

_____
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE


Copies of this Report and Recommendation have been sent to:

Christopher J. Bowes, Esq.
54 Cobblestone Drive
Shoreham, NY 11786

Susan C. Branagan, Esq.
U.S. Attorney's Office, SDNY
86 Chambers Street
New York, NY 10007